CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 23 2007

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JERRY A. HURST,                          )
                                         )
          Plaintiff,                     )     Case No.: 7:05CV00776
v.                                       )
                                         )     **MEMORANDUM OPINION**
STATE FARM MUTUAL AUTOMOBILE )           By: Hon. Glen E. Conrad
INSURANCE COMPANY,                       )     United States District Judge
                                         )
          Defendant.                     )

Jerry A. Hurst brings this action against State Farm Mutual Automobile Insurance Company ("State Farm"), alleging that the defendant breached contractual provisions, committed fraud, participated in a conspiracy to commit fraud, and intentionally inflicted emotional distress. Plaintiff is proceeding pro se. Jurisdiction is premised on diversity of citizenship. See 28 U.S.C. § 1332(a). The case was transferred from the Eastern District of Virginia, in Alexandria, on December 21, 2005. The case is currently before the court on the plaintiff's motion for default judgment, the defendant's motion to dismiss, and the plaintiff's motion for discovery. For the reasons stated in this memorandum opinion, the court will deny the motion for default judgment, grant the motion to dismiss, and grant the motion for discovery.

## BACKGROUND

The plaintiff alleges the following facts in his complaint. The plaintiff asserts that he had a written insurance policy with State Farm, insuring against theft and vandalism of his vehicle. On or about April 3, 2001, the plaintiff's van was stolen from a parking lot. According to the plaintiff, he made numerous attempts to comply with his insurance policy. However, State Farm denied the plaintiff's claim, stating that the plaintiff had not set up an examination under oath.

## DISCUSSION

### I.   Motion for Default Judgment

On July 14, 2006, the plaintiff filed a motion for default judgment, pursuant to Federal Rule of Civil Procedure 55(b)(2). The court concludes that the motion must be denied, as the defendant did file an answer to the plaintiff's claims on June 27, 2006. Although this was technically one day after the defendant's time to file an answer, the court entered an order on July 7, 2006, extending the defendant's time to file an answer to June 27, 2006. The defendant was therefore not in default, and the plaintiff's motion for default judgment will be denied.

### II.   Motion to Dismiss

A complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) only when the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1992). In considering a motion to dismiss, the court should accept as true all well-pleaded allegations, and view the complaint in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411 (1969).

The defendant contends that Counts II, III, VI, and VII must fail because the plaintiff does not allege causes of action upon which relief may be granted. According to the defendant, the plaintiff does not allege a misrepresentation or concealment of an existing material fact; does not allege detrimental reliance upon any material misrepresentation or concealment; and does not allege facts showing injury or damage. In addition, the defendant claims that any cause of action

2

for fraud or conspiracy to commit fraud, set forth in Counts II, III, and VII, is barred by the statute of limitations.

The defendant also claims that the plaintiff's claims for intentional infliction of emotional distress, Counts IV and VIII, must fail. The defendant claims that these counts do not set forth an independent willful tort, and that the claim in Count IV is barred by the statute of limitations.

A.    <u>Counts II and VI, Fraud</u>

In Count II, the plaintiff makes a number of allegations about the statements of State Farm employees. First, the plaintiff alleges that Marty A. Harbin, the State Farm Claim Term Manager, "fraudulently represented" that he would contact the Salisbury Police Department and would then telephone the plaintiff to report his progress. This occurred on June 21, 2001. Harbin did not telephone the plaintiff again. The plaintiff also alleges that Harbin stated, in a letter dated November 12, 2001, that no suit could be filed unless it was commenced within 24 months of the date of loss. According to the plaintiff, this provision does not appear in the policy, and was made to prevent the plaintiff from filing a suit within the statute of limitations. The plaintiff claims that he relied on Harbin's representations to his detriment.

The plaintiff also alleges that the letter written by Harbin on November 12, 2001, was issued with the specific intent to deceive the plaintiff. According to the plaintiff, the letter was written to persuade him that he could not take legal action, delaying the plaintiff until the statute of limitations had run.

In addition, the plaintiff notes that John D. McGavin, State Farm's Legal Counsel, represented that he would provide certain information requested by the plaintiff. McGavin never provided this information, and the plaintiff claims that these representations were made to

deceive and defraud the plaintiff, delaying the filing of an appropriate legal action by the plaintiff. According to the plaintiff, the letter of November 12, 2001 was written "during the period" when McGavin made these representations.

The plaintiff also claims that Marshall Major, State Farm Claim Specialist, willfully and intentionally failed to reveal to the plaintiff that the car theft had been reported to police in the wrong locality. The plaintiff contends that Major and Harbin coordinated to conceal this fact to prevent the plaintiff from meeting legal deadlines. Once the plaintiff realized that the theft had been incorrectly reported, he remedied the mistake on April 29, 2002.

Additionally, the plaintiff claims that David L. Jones, a State Farm Insurance Agent, told the plaintiff that he would "do his homework" on whether the plaintiff was required to travel outside of Arlington County to be examined. According to the plaintiff, this discussion took place on November 14, 2001.

The defendants claim that Count II should be dismissed because it is barred by the applicable statute of limitations. In response, the plaintiff states that his claim is not barred by the statute of limitations due to "lack of accrual, equitable estoppel, equitable tolling, and 'the continuing violation' doctrine."[1]

---

[1]It is unclear to the court exactly what the plaintiff intends by the "continuing violation doctrine." The court addresses the issue of date of accrual for a fraud violation supra. If the plaintiff is referring to the similarly worded "continuing treatment doctrine," the court notes that the Virginia Supreme Court described that doctrine as applying "when malpractice is claimed to have occurred during a continuous and substantially uninterrupted course of examination and treatment in which a particular illness or condition should have been diagnosed in the exercise of reasonable care, the date of injury occurs, the cause of action for that malpractice accrues, and the statute of limitations commences to run when the improper course of examination, and treatment if any, for the particular malady terminates." Farley v. Goode, 252 S.E.2d 594, 599 (1979). Therefore, the continuing treatment doctrine would not apply to a fraud case such as this one.

Virginia law provides that a cause of action for fraud "shall be brought within two years after the cause of action accrues." Va. Code Ann. § 8.01-243 (2007). A cause of action for fraud accrues when the fraud is discovered, or when "by the exercise of due diligence reasonably should have been discovered." Va. Code Ann. § 8.01-249 (2007). In considering when fraud should have been discovered through exercise of due diligence, the Supreme Court of Virginia has held that the focus should be on the activity of a reasonably prudent person, as well as the specific facts of each case. STB Mktg. Corp. v. Zolfaghari, 393 S.E.2d 394, 397 (1990).

The plaintiff makes several allegations of fraud in Count II of his complaint. First, the plaintiff alleges that Harbin made a fraudulent representation to the plaintiff on June 21, 2001. The plaintiff also claims that Jones made fraudulent representations in a November 14, 2001 phone call. The plaintiff alleges that the November 12, 2001 letter written by Harbin was intended to persuade the plaintiff that he could not take legal action. In addition, McGavin told the plaintiff that he would provide information "during the period" when the November 12, 2001 letter was written. Finally, the plaintiff claims that Major did not reveal that the car theft had been reported in the wrong locality.

The court concludes that most of the plaintiff's causes of action accrued no later than November 12, 2001. On November 12, 2001, the plaintiff received a letter from State Farm stating that "[t]his letter will serve as formal notification that State Farm Mutual Automobile Insurance Company, after careful consideration, hereby denies your claim for the alleged theft of April 3, 2001.... It is our conclusion that you have failed to assist and cooperate in our investigation of this loss." Letter from Mary A. Harbin, Claim Team Manager, State Farm Mut. Auto. Ins. Co., to Jerry Hurst (Nov. 12, 2001). As noted at the bottom of the letter, the letter was

5

also sent to Marshall Major and John McGavin. Id. The court concludes that, if the plaintiff's allegations of fraud are taken in the light most favorable to the plaintiff,[2] most of the plaintiff's claims of fraud should have accrued on November 12, 2001 at the latest. As the plaintiff filed this case in the Eastern District of Virginia on November 7, 2005, his claims are barred by the two-year statute of limitations.

The plaintiff's first claim is that Harbin fraudulently represented that he would contact the police department and report his progress to the plaintiff. Any reliance on these allegedly fraudulent misrepresentations, however, should have ended after the letter of November 12, in which Harbin clearly stated that the plaintiff's claim had been denied. Because the plaintiff should have known that Harbin's statements were misrepresentations, the cause of action for fraud would have accrued on November 12, 2001. A suit filed after November 12, 2003 is barred by the statute of limitations.

The plaintiff also claims that McGavin represented that he would provide the plaintiff with information to justify requests for documents from the plaintiff; these documents had to be produced before an examination of the plaintiff could occur. The plaintiff stated that he received the November 12, 2001 letter during the period when McGavin represented that he would provide information to the plaintiff. McGavin was clearly copied on the denial letter received by the plaintiff, and the letter specifically referred to the plaintiff's failure to schedule a date for examination with McGavin. According to the letter, the failure to schedule an examination led State Farm to "assume that you are no longer interested in pursuing this matter ... [and] that you

---

[2]The court finds it unnecessary to reach the issue of whether the plaintiff has adequately stated a claim for fraud.

have failed to assist and cooperate in our investigation of this loss." Letter from Mary A. Harbin, Claim Team Manager, State Farm Mut. Auto. Ins. Co., to Jerry Hurst (Nov. 12, 2001). Consequently, all of plaintiff's claims regarding misrepresentations of investigation, made prior to the November 12, 2001 letter, are time-barred inasmuch as the plaintiff understood as of that date that the statements were false. As to these statements, the cause of action for fraud accrued on November 12, 2001, and the court concludes that the claim would therefore be barred after November 12, 2003.

The plaintiff has also alleged that Major did not reveal to the plaintiff that his car theft had been reported to the wrong locality, concealing this fact from the plaintiff so that the plaintiff could not meet legal deadlines. However, the plaintiff states that he remedied the reporting mistake on April 29, 2002, by reporting the theft to the proper authorities. The latest date, therefore, that the plaintiff could have discovered Major's fraud and the cause of action would have accrued, was April 29, 2002.[3] The two-year statute of limitations would have run on April 29, 2004. This claim is also barred by the statute of limitations.

Although the latest date that the claims in Count II could have accrued is November 12, 2001 or April 29, 2004, there are several situations in which the running of the statute of limitations can be tolled. First, a statute of limitations can be tolled by equitable estoppel. Equitable estoppel prevents a party from "tak[ing] advantage of his own wrong." Chao v. Va. Dept. of Transp., 157 F. Supp. 2d 681, 696 (E.D. Va. 2001). The theory of equitable estoppel applies when a party relies on the words or conduct of the other party, allowing the limitations period to expire. Barry v. Donnelly, 781 F.2d 1040 (4th Cir. 1986). In order to prove equitable

---

[3]The plaintiff does not allege the exact date when he discovered the fraud.

estoppel, a party must show that: "(1) [a] material fact was falsely represented or concealed; (2) [t]he representation or concealment was made with knowledge of the facts; (3) [t]he party to whom the representation was made was ignorant of the truth of the matter; (4) the representation was made with the intention that the other party should act upon it; and (6) the party claiming estoppel was misled to his injury." Boykins Narrow Fabrics Corp. v. Weldon Roofing and Sheet Metal, Inc., 266 S.E.2d 887, 890 (Va. 1980).

Several of the plaintiff's allegations go to the issue of equitable estoppel. The plaintiff alleges that agents of State Farm falsely represented or concealed a number of facts, including: that Harbin would contact the police department; that Jones would "do his homework" on whether the plaintiff was required to travel outside of Arlington County to be examined; that McGavin would provide information to the plaintiff about document requests; and that the car theft had been reported to the wrong locality. The court concludes, however, that the doctrine of equitable estoppel does not apply to the facts of this case, because the plaintiff should have known the state of his cause of action on November 12, 2001 at the latest, when he received the letter denying his claim, or on April 29, 2002, when he reported his loss. Therefore, element (3) of the doctrine of equitable estoppel has not been met by the plaintiff.

The doctrine of equitable tolling is also used "to prevent unfairness to a diligent plaintiff." Chao, 157 F. Supp. 2d at 696. Equitable tolling is used "sparingly" by the court to toll a statute of limitations. Id. at 697 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). In Chao, the United States District Court for the Eastern District of Virginia set forth three circumstances in which the courts have applied equitable tolling to toll the statute of limitations: (1) when extraordinary circumstances have prevented the plaintiff from filing; (2) when the

plaintiff filed a defective pleading during the proper period or was tricked by the defendant into letting the proper period pass; and (3) when the plaintiff cannot obtain information related to his claim. Chao, 157 F. Supp. 2d at 697-98. In light of the admonition that the doctrine of equitable tolling should be used sparingly, and the fact that the plaintiff's claim does not fulfill one of the three categories set forth in Chao, the court declines to apply the doctrine of equitable tolling in this case.

Furthermore, the court concludes that even if false representations were made or facts were concealed after the letter of November 12, 2001, such as were allegedly made in the November 14 phone call from Jones, the plaintiff's cause of action would be barred by the doctrine of laches. The Supreme Court of Virginia has defined laches as "the neglect or failure to assert a known right or claim for an unexplained period of time under circumstances prejudicial to the adverse party." Stewart v. Lady, 465 S.E.2d 782, 786 (1996). The court concludes that the plaintiff should have known of his claims against State Farm long before he filed this action in the Eastern District of Virginia, on November 7, 2005. For example, the plaintiff claims that he relied on Harbin's false statement in the letter that no suit could be filed after 24 months from the date of loss. This date would have been April 3, 2003, however, and the plaintiff would have had plenty of time after the letter of November 12 to file a suit. By the time the action was filed in 2005, approximately four years had elapsed since the plaintiff was notified that his claim was denied by State Farm. Based on these facts, the court concludes that his complaint would be barred by the doctrine of laches.

In Count VI, the plaintiff makes further allegations of fraud, incorporating the allegations made earlier in the complaint, specifically Count II. The plaintiff also refers to additional fraud

9

perpetrated as a result of a letter sent by State Farm on November 2, 2005. The court notes that the substance of this claim essentially repeats Count II, and the November 2, 2005 letter merely reiterates the information provided to plaintiff in the November 12, 2001 letter discussed above.[4] Therefore, Count VI is also time-barred and the court will dismiss this count.[5] Furthermore, Count VI would also be barred by the doctrine of laches.

B.    Counts III and VII, Conspiracy to Commit Fraud

In Count III, the plaintiff alleges that State Farm conspired with other insurance companies to defraud the plaintiff in the instances discussed above, and by a national scheme known as "Performance, Planning, and Review." According to the plaintiff, this national scheme incorporates various elements.

As the court concluded above, this cause of action is barred by the applicable statute of limitations. The limitations period for a civil conspiracy is based on the statute of limitations for the underlying act; therefore, the claim for conspiracy to commit fraud is subject to a two-year period. Bd. of Dirs. of the Lesner Pointe Condo. on the Chesapeake Bay Ass'n v. Harbour Point Bldg. Corp., 2002 WL 32072394, *9 (Va. Cir. Ct. 2002). Although the plaintiff fails to allege the

---

[4]The court notes that the letters differ in their statement of the applicable statute of limitations: the November 12, 2001 letter noted that no action on the policy would be sustainable if commenced after 24 months of the date of loss; the November 2, 2005 letter provides that Virginia law requires an action against the company to be commenced within five years of the date of loss. This discrepancy does not affect the court's ruling, however.

[5]The defendant did not move to dismiss Count VI based on the statute of limitations. The court observes that the defendant moved to dismiss related Count VII on these grounds. Therefore, the court will consider the statute of limitations defense as to Count VI sua sponte, noting that the plaintiff has been granted in forma pauperis status. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006) (holding that the court can raise a statute of limitations defense sua sponte when reviewing a complaint filed in forma pauperis).

particular date when the conspiracy occurred, a number of the plaintiff's allegations involve the claim described above. Therefore, the court finds that any conspiracy by State Farm would have occurred in a similar time frame, and is likewise barred by the two-year statute of limitations. The defendant's motion to dismiss will be granted as to Count III.

Count VII incorporates the November 2, 2005 letter into the allegations of conspiracy to commit fraud. For the reasons discussed above, Count VII is barred by the statute of limitations and will therefore be dismissed.

C.     Counts IV and VIII, Intentional Infliction of Emotional Distress

In Count IV, the plaintiff alleges that the acts of State Farm and State Farm employees were intentional, outrageous, and intolerable and were done with extreme malice, causing severe emotional distress to the plaintiff.

The Virginia Supreme Court has set forth four elements of emotional distress: (1) the wrongdoer's conduct must be intentional or reckless; (2) the conduct must be "outrageous and intolerable in that it offends against the generally accepted standards of decency and morality;" (3) there is "a causal connection between the wrongdoer's conduct and the emotional distress;" (4) the emotional distress is "severe." Womack v. Eldridge, 210 S.E.2d 145, 148 (Va. 1974). The Court has held that the second element, outrageousness, is a question of law unless reasonable persons could differ. Id.

In addition, application of the second element has been limited to avoid frivolous litigation, and "liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Baird v. Rose, 192 F.3d

11

462, 472 (4th Cir. 1999) (citing <u>Ruth v. Fletcher</u>, 377 S.E.2d 412 (Va. 1989)).  Recovery is

therefore denied in a "doubtful" cause.  <u>Ruth,</u> 377 S.E.2d at 415.

Based upon these principles, the court concludes that the plaintiff has failed to state a

cause of action for intentional infliction of emotional distress under Virginia law.  Accepting the

plaintiff's allegations as true, the court concludes that the defendant's behavior, although

improper, would not provide a basis for the tort of intentional infliction of emotional distress.  <u>See</u>

<u>Garland v. Travco Ins. Co.</u>, 2002 WL 485702, *3 (W.D. Va. 2002) (holding that defendants'

conduct was not actionable although the defendants "actively misrepresented which insurance

company insured the house, contended that the plaintiffs had committed fraud, harassed the

plaintiffs, made unreasonable document demands, and refused to give plaintiffs a copy of the

insurance policy in a meaningfully timely fashion").  The defendant's conduct was not of a level

that would be regarded as "atrocious, and utterly intolerable in a civilized community."

Therefore, the court will grant the defendant's motion to dismiss as to Count IV of the plaintiff's

complaint.

For the same reasons, the court will grant the defendant's motion to dismiss as to Count

VIII, as the court concludes the minor additions and incorporation of a November 2, 2005 letter

are not sufficient to make the defendant's conduct actionable under Virginia law as intentional

infliction of emotional distress.

**III.    Request for Discovery**

The plaintiff's request for discovery as to the remaining claims will be granted, and a scheduling order will be issued separately in this case.


## CONCLUSION

For the foregoing reasons, the plaintiff's motion for default will be denied.  The defendant's motion to dismiss Counts II, III, IV, VI, VII, and VIII will be granted.  The court concludes that Counts II, III, VI, and VII are time-barred, and the plaintiff failed to state a claim for intentional infliction of emotional distress in Counts IV and VIII.  The plaintiff's motion for discovery will be granted as to the remaining Counts I and V.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.


ENTER: This ___23rd___ day of March, 2007.

_____
United States District Judge