CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 6 2007

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JERRY A. HURST, ) | |
| ) | |
| Plaintiff, ) | Case No.: 7:05CV00776 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| STATE FARM MUTUAL AUTOMOBILE ) | By: Hon. Glen E. Conrad |
| INSURANCE COMPANY, ) | United States District Judge |
| ) | |
| Defendant. ) | |

By Memorandum Opinion and Order entered March 23, 2007, the court granted the defendant's partial motion to dismiss. The plaintiff has now filed a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the following reasons, the court denies the plaintiff's motion for relief from the order of March 23, 2007.

The plaintiff brought this case against State Farm Mutual Automobile Insurance Company ("State Farm"), alleging that State Farm breached contractual provisions, committed fraud, participated in a conspiracy to commit fraud, and intentionally inflicted emotional distress. The action arose out of an automobile insurance policy with State Farm held by the plaintiff. After this case was transferred from the Eastern District of Virginia in Alexandria, the court granted the defendant's motion to dismiss. The plaintiff then filed this motion to alter or amend judgment, to which the defendant responded. The parties agreed that a hearing on the matter was not required, and the issues are therefore ripe for consideration.

Rule 59(e) permits a district court to amend a judgment for three reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Relief pursuant to Rule 59(e) "is an

extraordinary remedy which should be used sparingly." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal citations omitted).

After careful review of the materials submitted to the court pursuant to the original motion to dismiss, and review of the materials submitted by both parties in relation to this motion, the court concludes that its earlier ruling was correct. This conclusion implicates a number of considerations. First, the court holds that its earlier conclusions were not incorrect as a matter of law. The court accepted all facts in the light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411 (1969). In addition, the court notes that any evidence relied upon by the plaintiff in his most recent motion that was not earlier presented to the court was available to the plaintiff long before the court's ruling on March 23, 2007. See EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997). Similarly, to the extent that the plaintiff raises new legal arguments in his memorandum, these cannot be considered by the court as part of the Rule 59(e) consideration. Pacific Ins. Co., 148 F.3d at 403. Essentially, the plaintiff attempts to reargue his case to the court in his Rule 59(e) motion, and the court must therefore deny the motion.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This ___ day of August, 2007.

/s/ Jack Conrad
United States District Judge