In The United States District Court
For The Western District Of Virginia
Roanoke Division

Jenny A. Hurst
  Plaintiff,

v.

State Farm Mutual
  Automobile Insurance
  Company,
    Defendant.

Civil Action No. 7:05 CV 00776

Plaintiff Hurst's Interrogatories To Defendant State Farm [First Set]

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 10 2007
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

Plaintiff Hurst requests that defendant State Farm answer the following interrogatories under oath and serve them upon plaintiff within 30 days pursuant to Rule 33 of the Federal Rules of Civil Procedure. Hereinafter the plaintiff is referred to as "Hurst" and the defendant as "State Farm":

DEFINITIONS:

A. PLAINTIFF means Hurst [name], and any agent or employee of Hurst [name].

B. DEFENDANT means State Farm [name], and any agent or employee of State Farm [name].

C. IDENTIFY a person means to state his or her full name, address, and telephone number; his or her occupation; the name, address, and telephone number of his or her employer, if known; and any family, social, recreational, professional, or employment relationship you have with the person.

D. IDENTIFY a business entity means to give that entity's full name; principal addresses of the business; telephone numbers; type of entity (corporation, partnership, etc.); place of incorporation (where applicable); names, addresses, and titles of principal executive officers; and names, addresses, and titles of all individuals or entities owning more than a 10 percent interest in the entity.

(1)

E. DOCUMENT includes reports, compilations of data or information, or records made in any form, such as by writing, typewriting, printing (including computer printouts), photography, and electronic memory, regardless of how the matter is stored.

F. IDENTIFY a document means to describe briefly the form of the document; describe generally the subject of its contents; state the date and place of preparation; state the purpose of its preparation; state the date and place of its mailing or submission to the person or firm who received it; and IDENTIFY the person or firm who prepared the document, the person or firm who received it, and the person or firm who has possession or control of the original copy of the document, or an appropriate custodian who would have a complete copy available for inspection.

G. POLICY means the automobile insurance policy described in paragraph 5 of PLAINTIFF'S complaint.

H. CLAIM means the claim under the POLICY described in paragraph 6 of PLAINTIFF'S complaint.

INTERROGATORIES:

1. IDENTIFY each person in the employ of DEFENDANT who has any knowledge or has taken any action on behalf of DEFENDANT with regard to handling the CLAIM. This interrogatory seeks the name of every employee of DEFENDANT who had anything to do with the CLAIM, including the adjusters, branch claims representatives, regional or home office claims auditors or claims examiners, all claims managers and claims supervisors at any level, executive officers of the company, and all members of any review committee or claims committee.

2. For each person identified in the answer to Interrogatory 1, state the person's title or position within the company, current branch or office location, the name and title or position of the individual's immediate supervisor, and the nature of the function or service performed by that person in connection with the CLAIM.

3. If any person identified in the answer to Interrogatory 1 has been promoted, demoted, or transferred during the time relevant herein, describe in detail the change in employment status of each such individual, including the circumstances of the person's employment before and after the change in status.

4. If any person identified in the answer to Interrogatory 1 is no longer employed with DEFENDANT, please state the date of separation, and the last-known residence address and telephone

number or place of current employment of each such past employee.

5. IDENTIFY each person not in the employ of DEFENDANT who has any knowledge or has taken any action on behalf of or at the request of DEFENDANT with regard to the CLAIM. This interrogatory seeks the name of every person, firm, or company with whom DEFENDANT had any contact, including independent adjusters or independent adjusting firms, private investigators, accident reconstructionists, engineers, physicians or medical consultants, economists, accountants, attorneys, or any other person, firm, or company, concerning the CLAIM.

6. For each person identified in the answer to Interrogatory 5, state the person's professional title, and the nature of the function or service provided by such person in connection with the CLAIM.

7. IDENTIFY any DOCUMENT relating to the CLAIM submitted to DEFENDANT by each person identified in the answer to Interrogatory 5.

8. Describe each file that was opened, created, or maintained by DEFENDANT relating in any way to the POLICY or the CLAIM, including the complete name or title of the file, its complete file number or other identifying designation, its present custodian and physical location within DEFENDANT, and its general purpose or business classification. This interrogatory seeks the identification of each "claims file" and each "underwriting file," under whatever designation or description, and every copy or duplicate thereof which may exist within DEFENDANT.

9. State whether or not any information or data of any kind pertaining to the POLICY, the CLAIM, the claims-handling or underwriting activities of DEFENDANT, or any reports, communications, or data of any kind, are maintained on any electronic media, such as computer data files, electronic mail, or any equivalent.

10. If the answer to Interrogatory 9 is yes, describe the contents of such electronically stored information, whether or not hard copies of such material exist, the custodian of such data, and the appropriate location within the company for the retrieval of such data.

11. Has DEFENDANT secured a policy or policies of reinsurance on any portion of the coverage written on PLAINTIFF with any reinsurer?

12. If the answer to Interrogatory 11 is yes, state the name, business

   address, telephone number, policy identification number, and liability limits of each such reinsurance.

13. IDENTIFY the individuals in DEFENDANT, including title and function, who are responsible for determining, promulgating, and overseeing company policies and standard procedures for the administration, evaluation, determination, and payment of insurance claims by DEFENDANT.

14. IDENTIFY every DOCUMENT containing statements of policy, policy guidelines, administrative bulletins, intercompany memoranda or other DOCUMENT of any kind, promulgated by DEFENDANT and disseminated or distributed to its employees, relating to the standard, recommended, or expected procedures for the administration, evaluation, determination, and payment of claims.

15. Does DEFENDANT maintain a manual or handbook containing standard procedures or guidelines for the administration, evaluation, determination, and payment of claims?

16. If the answer to Interrogatory 15 is yes, state the complete title of such manual, the year of publication, the author or the department or individual responsible for its contents, and an appropriate custodian within the company who would have a current edition available for inspection.

17. IDENTIFY the individuals in DEFENDANT, including title and function, who are responsible for devising, implementing, and overseeing the training of adjusters, claims representatives, claims supervisors, or any other individuals involved in the claims-handling process within DEFENDANT.

18. Describe all training materials of any kind used by DEFENDANT in training adjusters, claims representatives, claims supervisors, or any other individual involved in the claims-handling process within DEFENDANT.

19. In the case of training materials described in the answer to Interrogatory 18 prepared specially for DEFENDANT or by its employees, describe each item, including the complete title and date of preparation, and IDENTIFY an appropriate custodian within the company who would have the materials available for inspection.

20. In the case of training materials described in the answer to Interrogatory 18 used by DEFENDANT that are commercially available, describe each item, including the complete title, author, publisher, address of publisher, and year of publication.

21. Describe all advertising published in any magazine, newspaper, or other publication, and all promotional brochures or material provided to or intended for use by insurance agents, brokers, and sales representatives, which were in use during the period **1/1/01** [date] through **1/11/06** [date], and which in any way relate or pertain to automobile insurance policies, uninsured or underinsured motorists coverage, or the claims-handling policies or reputation of DEFENDANT.

22. IDENTIFY an appropriate custodian within the company who would have complete copies of all promotional brochures or material described in the answer to Interrogatory 21 available for inspection.

23. With respect to any advertising material described in the answer to Interrogatory 21 published in magazines or newspapers, state at least one reference to a national or regional publication, by name, date of publication, and page, for each advertisement used (or designate an appropriate custodian within the company who would have tear sheets of each such advertisement available for inspection).

24. Name each state in which DEFENDANT is qualified to do business.

25. Has any person or entity filed a lawsuit against DEFENDANT alleging either in whole or in part any breach of duty of good faith and fair dealing, or alleging any tortious claim of bad faith, in the handling of any **vehicle theft** claim, from **1/1/01** [date] to the present?

26. If the answer to Interrogatory 25 is yes, describe each such lawsuit, including the complete name of each plaintiff, the complete name of each defendant, the jurisdiction in which the action was filed, the court docket number or other identifying designation, and the ultimate disposition of the lawsuit.

27. IDENTIFY every person who was employed by DEFENDANT during any of the years **1/1/01** to the present in any capacity as an adjuster, claims representative, claims adjudicator, claims examiner, claims supervisor, or claims manager, who is no longer employed by DEFENDANT, including the office or branch where last employed, position or title, date of separation from the company, and last-known residence or current business address.

28. IDENTIFY each person, including title and function, who assisted in the preparation of answers to these interrogatories and responses to the request for production of documents that accompany these interrogatories, and in the assembly of documents to be produced.

29. For each person identified in the answer to Interrogatory 28, state the nature of the assistance the person provided or the subject matter of information the person supplied.

Dated: November 30, 2007

_Jerry A. Hurst_
Jerry A. Hurst, pro se
Plaintiff

1201 S. Courthouse Rd, #534
Arlington, VA 22204
(703) 920-2839

(5)

## Certificate Of Service

I hereby certify that I have served upon the persons listed below true and correct copies of the foregoing document(s) by first class mail, postage prepaid:

Guy M. Harbert III; Maxwell H. Wiegard
800 Sun Trust Plaza
P.O. Box 40013
Roanoke, Virginia 24022-0013

Dated: November 30, 2007

_Jerry A. Hurst_
Jerry A. Hurst