CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

NOV 21 2008

JOHN F. CORCORAN, CLERK
BY: /s/ J. Bush
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JERRY A. HURST, | ) |
| Plaintiff, | ) Civil Action No. 7:05CV00776 |
| v. | ) **MEMORANDUM OPINION** |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) By: Hon. Glen E. Conrad<br>) United States District Judge |
| Defendant. | ) |

By Memorandum Opinion and Order entered on September 26, 2008, the court granted the defendant's motion for summary judgment and denied the plaintiff's motion for partial summary judgment. This matter is again before the court on the plaintiff's motion for amended or additional findings pursuant to Federal Rule of Civil Procedure 52(b) and motion for relief from judgment or order pursuant to Federal Rule of Civil Procedure 60(b)(1) and (3). For the reasons set forth below, both motions will be denied.

This action arose out of the automobile insurance policy issued by State Farm Mutual Automobile Insurance Company ("State Farm") to the plaintiff, Jerry A. Hurst ("Hurst"). The plaintiff brought this diversity action claiming that State Farm breached the terms of the insurance policy when it denied Hurst's claim for the alleged theft of his van. After the defendant filed a motion for summary judgment and the plaintiff filed a motion for partial summary judgment, the matter was referred to United States Magistrate Judge Michael F. Urbanski for a hearing on the parties' motions. After the parties appeared to argue their respective motions, Judge Urbanski issued a report and recommendation which recommended

granting the defendant's motion for summary judgment and denying the plaintiff's motion for partial summary judgment.

In the report and recommendation of the magistrate judge, he informed the parties that they had ten days in which to file any objections with the court. The deadline passed with no objection from either party, therefore the court adopted the report and recommendation of the magistrate judge as the final decision of the court in an order entered July 22, 2008. On August 4, 2008, however, Hurst filed a motion for relief from the judgment claiming that he had failed to receive a copy of the magistrate judge's report and recommendation. Therefore, in an order entered August 5, 2008, the court vacated its previous order and reinstated the case on the active docket of the court, requiring the plaintiff to file any objections within ten days of the date of the order. Hurst then filed timely objections to the report and recommendation of the magistrate judge to which the defendant filed a response. After reviewing the parties' briefs, the court agreed with the recommendation of the magistrate judge, granting the defendant's motion for summary judgment and denying the plaintiff's motion for partial summary judgment. Hurst then filed a motion for amended or additional findings and a motion for relief from judgment or order to both of which State Farm has now responded. The issues are, therefore, ripe for consideration.

Federal Rule of Civil Procedure 52 provides that a court may make amended or additional findings as follows:

> On a party's motion filed no later than 10 days after the entry of judgment, the court may amend its findings - or make additional findings - and may amend the judgment accordingly. The motion may accompany a motion for new trial under Rule 59.

Fed. R. Civ. P. 52(b). The findings referred to in Rule 52(b), however, are only those judicial

2

findings made "[i]n an action tried on the facts without a jury or with an advisory jury." Fed. R. Civ. P. 52(a)(1). In this case, the matter was not tried before the court without a jury, but was decided on summary judgment. "Rule 52(b) is a trial rule that is not applicable in a summary judgment proceeding." Orem v. Rephann, 523 F.3d 442, 451 n. 2 (4th Cir. 2008) (Shedd, J. concurring). Nevertheless, "a motion erroneously filed under Rule 52(b) may be treated as a Rule 59(e) motion to alter or amend." Id.

A motion to alter or amend a judgment is timely under Rule 59(e) only when it is filed no later than ten days after the entry of the judgment. Fed. R. Civ. P. 59(e). In this case, the court's opinion and order dismissing this case was entered on September 26, 2008. The plaintiff's motion was filed on October 10, 2008, which is the tenth day from the date of entry of the judgment, excluding Saturdays and Sundays. See Fed. R. Civ. P. 6(a)(2). Therefore, the court finds that the instant motion is timely under Rule 59(e).

Under Federal Rule of Civil Procedure 59(e), a district court may alter or amend a judgment for three reasons: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Nevertheless, relief pursuant to Rule 59(e) "is an extraordinary remedy which should be used sparingly." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)).

Hurst does not argue that there has been an intervening change in controlling law nor has he presented new evidence in connection with his motion which was not available at trial. Instead, the plaintiff contends that the court has erred in its rulings on the parties' motions for

3

summary judgment. After reviewing the materials submitted to the court in connection with the defendant's motion for summary judgment and the plaintiff's motion for partial summary judgment, the court's previous ruling, and the briefs submitted by the parties in connection with the instant motion, the court concludes that its prior ruling was correct.

The court believes that its earlier conclusions were not incorrect as a matter of law. The court did review the record in the light most favorable to the non-moving party with regard to each motion. See Terry's Floor Fashion, Inc. v. Burlington Indus., Inc., 763 F.2d 604, 610 (4th Cir. 1985). Furthermore, to the extent that Hurst attempts to raise new legal arguments, the court may not consider such arguments under a Rule 59(e) motion. See Pacific Ins. Co., supra, 148 F.3d at 403. The court agrees with State Farm that Hurst is simply making an attempt to reargue the motions for summary judgment previously decided. Therefore, construing the plaintiff's motion for amended or additional findings as a motion to alter or amend a judgment under Rule 59(e), the court must deny the motion.

The plaintiff has also moved for relief from judgment or order under Rule 60(b)(1) and (3). This rule provides for relief under certain circumstances as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> . . .
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> . . .

Fed. R. Civ. P. 60(b). A court should employ this "extraordinary" remedy only "upon a showing of exceptional circumstances." McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991) (quoting Compton v. Alton Steamship Co., 608 F.2d 96, 102 (4th Cir. 1979)). In

4

addition, a motion under Rule 60(b) should not be made as a substitute for an appeal. See De Filippis v. United States, 567 F.2d 341, 342 (7th Cir. 1977).

With regard to the plaintiff's arguments under Rule 60(b)(1), Hurst contends that the court committed legal error in virtually all of its legal conclusions with regard to Hurst's claims for breach of contract against State Farm. Under certain circumstances, the "mistake" referred to in Rule 60(b)(1) may refer to mistakes made by the court. United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982). However, "[w]here the motion is nothing more than a request that the district court change its mind, . . . it is not authorized by Rule 60(b)." Id. As previously stated, the court finds that Hurst is simply attempting to reargue his case and change the mind of the court. Therefore, the plaintiff's motion under Rule 60(b)(1) must be denied.

With regard to the plaintiff's claims for fraud, Hurst contends that State Farm committed fraud on the court by "claiming, by omission and commission, that [the continuing violation] doctrine is NON-EXISTENT" with regard to his claims for fraud, which were dismissed in this court's opinion and order entered March 23, 2007. The court disagrees. The continuing violation doctrine was specifically addressed in the context of the plaintiff's claims and the applicable statute of limitations, and the court held that the doctrine would not apply to the plaintiff's claims for fraud. See Hurst v. State Farm Mut. Auto Ins. Co., 2007 WL 951692 at *2 n. 1 (W.D. Va. March 23, 2007). The court concludes that there is no evidence of fraud on the part of State Farm in this case. Therefore, the plaintiff's motion under Rule 60(b)(3) must also be denied.

5

The Clerk is hereby directed to send certified copies of this Memorandum Opinion and the accompanying Order to the plaintiff and all counsel of record.

ENTER: This 21st day of November, 2008.

_____
United States District Judge